**In the Matter of the WELFARE OF M.A.R.**

No. A05-1687.

Court of Appeals of Minnesota.

Aug. 1, 2006.

Leonardo Castro, Fourth District Public Defender, Melissa Haley, Assistant Public Defender, Minneapolis, MN, for appellant M.A.R.

Mike Hatch, Attorney General, St. Paul, MN, and Amy Klobuchar, Hennepin County Attorney, Linda K. Jenny, Assistant County Attorney, Minneapolis, MN, for respondent.

Considered and decided by LANSING, Presiding Judge; WILLIS, Judge; and PARKER, Judge.*

## OPINION

WILLIS, Judge.

In this appeal from a delinquency adjudication of felony possession of a pistol by a minor, appellant argues that the district court should have suppressed the pistol, which was discovered when police stopped appellant for a curfew violation and searched him before placing him in a squad car for transportation to the Minneapolis curfew center. Because the police had a valid, reasonable basis under Minn. Stat. § 260C.175 (2004) to place appellant in the squad car, we affirm.

## FACTS

In June 2005, at 1:09 a.m. on a weekday, Minneapolis police officer James Archer saw two males who appeared to be under the Hennepin County curfew age of 18 standing at a bus stop on Hennepin Avenue between 7th and 8th Streets in downtown Minneapolis. Because it was approximately two hours after the weekday curfew, Archer stopped his squad car, got out, approached the two individuals, and asked them how old they were. Both of the individuals, one of whom was later identified as appellant M.A.R., answered that they were 17 years old.

When an officer encounters a juvenile who is in violation of the curfew, it is Minneapolis police-department policy for the officer to transport the juvenile to the Minneapolis curfew center, where the center staff calls the juvenile's parents to have the juvenile picked up. Intending to drive both juveniles to the Minneapolis curfew center, Archer conducted a patdown search of M.A.R. while another officer who arrived at the scene as back-up did the same to the other juvenile. Archer found a pistol in M.A.R.'s waistband. M.A.R. was charged with one count of possession of a pistol by a minor, in violation of Minn.Stat. § 624.713, subd. 1(a) (2004). It was later determined that M.A.R. was actually 16 years old at the time.

M.A.R. moved to suppress the pistol, arguing that it was obtained in violation of his constitutional right to be free from unreasonable searches and seizures. The district court denied his motion. The district court adjudicated M.A.R. a delinquent and placed him on juvenile probation. M.A.R. now appeals from the district court's order denying his motion to suppress the pistol.

## ISSUE

Did the district court err by not suppressing the pistol found on M.A.R.?

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

## ANALYSIS

When reviewing the denial of a motion to suppress evidence, we independently review the facts and determine, as a matter of law, whether the district court erred by not suppressing the evidence. *State v. Harris,* 590 N.W.2d 90, 98 (Minn. 1999). The United States and Minnesota constitutions protect individuals from unreasonable searches and seizures. U.S. Const. amend. IV; Minn. Const. art. I, § 10. When a police officer has a "valid reasonable basis for placing a lawfully stopped citizen in a squad car, a frisk will often be appropriate without additional individual articulable suspicion." *State v. Varnado,* 582 N.W.2d 886, 891 (Minn. 1998); *see also State v. Curtis,* 290 Minn. 429, 437, 190 N.W.2d 631, 636 (1971) (providing that police may, for their own protection, search a person before placing him in a squad car).

M.A.R. argues that after he was stopped for violating the Hennepin County curfew ordinance, Archer had no valid, reasonable basis for placing M.A.R. in the squad car, which prompted the patdown search, and for transporting him to the Minneapolis curfew center. M.A.R. argues that, therefore, the patdown search was unconstitutional and the pistol found during that search should have been suppressed.

M.A.R. does not dispute that a police officer is justified in conducting a patdown search of a person when the officer has a valid, reasonable basis for placing that person in a squad car. But M.A.R. argues that once Archer determined that M.A.R. was in violation of the Hennepin County curfew ordinance, Archer should have determined if one of the defenses listed in the curfew ordinance, such as being engaged in a lawful employment activity or being on an errand for a parent, applied; and if no defense applied, Archer should

have issued a citation to M.A.R. and then either released him or called his parents to pick him up.

Relying on the reasoning in this court's unpublished decision in *In re Welfare of S.D.N.,* No. C3–02–1958, 2003 WL 21061115 (Minn.App. May 13, 2003), the district court concluded that Archer had a reasonable basis under Minn.Stat. § 260C.175 (2004) to take M.A.R. into custody. In *S.D.N.,* this court reversed a district-court order suppressing a pistol that was found during a patdown search of a juvenile who was being cited and taken into custody for violating the St. Paul curfew ordinance. 2003 WL 21061115, at *1– *2. This court concluded that the officer was authorized to take S.D.N. into custody for the curfew violation and to first pat-search S.D.N. under Minn.Stat. § 260C.175, subd. 1(b)(2), which provides that an officer may take a child into immediate custody "when a child is found in surroundings or conditions which endanger the child's health or welfare or which such peace officer reasonably believes will endanger the child's health or welfare," and 3(a), which provides that an officer who takes a child into custody under the section may "perform a protective pat-down search of the child in order to protect the officer's safety." *Id.,* at *2 (quoting Minn. Stat. § 260C.175, subds. 1(b)(2), 3(a) (2002)). This court concluded that the pistol found on S.D.N. was admissible under Minn.Stat. § 260C.175, subd. 3(c), which provides that "[e]vidence discovered in the course of a lawful search under this section is admissible." *Id.* (quoting Minn.Stat. § 260C.175, subd. 3(c) (2002)).

In *S.D.N.,* this court concluded that, although the St. Paul ordinance did not include a statement of its purpose, the officer's actions were consistent with the intent of the ordinance, which was "to give police officers the authority to re-

move juveniles from environments where they may be in danger of becoming victims of crime or may themselves participate in illegal conduct." *Id.* Ultimately, this court concluded that it would be "absurd" to determine that an officer must leave a child "in possible danger and permit the curfew violation to continue" and that "[t]he moment the officers were required to transport S.D.N. in the squad car, the pat-down search was necessary for the officers' protection." *Id.*, at *3. We find the court's analysis in *S.D.N.* persuasive here.

M.A.R. argues that *S.D.N.* is distinguishable because the St. Paul curfew ordinance at issue there differs from the Hennepin County curfew ordinance in two respects: First, the Hennepin County curfew ordinance includes a stated purpose. M.A.R. argues that, therefore, this court may not supply a purpose for the curfew ordinance as it did in *S.D.N.* But review of the purpose section of the Hennepin County curfew ordinance shows that it is consistent with what this court found to be the purpose of the St. Paul ordinance. See Hennepin County, Minn., Juvenile Curfew Ordinance No. 16, § 1 (2002). Therefore, we conclude that this is a distinction without a difference.

Second, M.A.R. argues that because the Hennepin County curfew ordinance "specifically provides that violations of the curfew law will be prosecuted as petty misdemeanors pursuant to Minn.Stat. § 260B.235 [ (2004) ]," which does not authorize taking a petty-misdemeanor violator into custody absent circumstances not present here, Minn.Stat. § 260C.175 does not apply. *See id.*, § 5 (providing that curfew violations "will be prosecuted pursuant to Minn.Stat. § 260B.235 and will be subject to the penalties therein"). But the provision in the Hennepin County curfew ordinance for application of section 260B.235 to the prosecution of curfew violations does not preclude the application also of section 260C.175 to a juvenile in violation of a curfew ordinance because such a person is necessarily a child "found in surroundings or conditions which endanger the child's health or welfare or which such peace officer reasonably believes will endanger the child's health or welfare." *See* Minn.Stat. § 260C.175, subd. 1(b)(2).

We agree with the court's conclusion in *S.D.N.* that Minn.Stat. § 260C.175 authorizes an officer to transport to a safe location a juvenile in violation of a curfew. Therefore, Archer had a reasonable basis for placing M.A.R. in the squad car and, for his own safety, to conduct a patdown search of M.A.R. first.

### DECISION

Because Minn.Stat. § 260C.175 (2004) authorizes an officer to transport to a safe location a juvenile in violation of a curfew ordinance, there was a valid, reasonable basis to place M.A.R. in the squad car and, for the police officer's safety, for first conducting a patdown search of M.A.R. We conclude, therefore, that the district court did not err by denying M.A.R.'s motion to suppress the pistol.

**Affirmed.**